UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 24-11969-RGS

CHRISTOPHER MACKEY

v.

COMMONWEALTH OF MASSACHUSETTS; UNITED STATES OF AMERICA; STATE OF TEXAS (CITY OF HOUSTON); T-MOBILE; HARVARD UNIVERSITY; SALEM STATE UNIVERSITY; ESA P PORTFOLIO OPERATING LESSEE LLC; and DEPARTMENT OF JUSTICE (FEDERAL BUREAU OF INVESTIGATION)

MEMORANDUM AND ORDER

December 18, 2024

STEARNS, D.J.

By Order dated July 30, 2024, plaintiff Christopher Mackey's case, initiated in the United States District Court for the Southern District of Texas, was transferred to this district. *See* Dkt # 4, Transfer Order, No 24-mc-0005 (S.D. Tex. Jul. 30, 2024). On November 15, 2024, Mackey's motion for leave to proceed *in forma pauperis* was denied without prejudice to filing, within 14 days, a renewed motion. *See* Dkt # 9. Although Mackey's renewed motion was due on November 29, 2024, he filed it more than a week late without explanation or excuse on December 11, 2024. *See* Dkt # 11. The court, in its discretion, accepts the late filing.

Upon review of the renewed motion for leave to proceed *in forma pauperis*, the court concludes that Mackey is without income or assets to pay

the filing fee. The court, therefore, permits Mackey to proceed *in forma pauperis*.

When, as here, a plaintiff proceeds without legal representation, the court must construe the complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Rodi v. S. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004). Even so, the court must dismiss an *in forma pauperis* complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a court may dismiss a claim as "factually frivolous." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*, 490 U.S. at 327). As used in this context, "frivolous" does not refer to the subjective intent of a plaintiff. *Axcella Building Realty Trust v. Thompson*, No. 23-40151-DHH, 2024 WL 474539, at n.2 (D. Mass. Jan. 25, 2024). "Rather, in legal parlance, a complaint is 'frivolous' if it 'lacks an arguable basis either in law or in fact.'" *Id.* (quoting *Neitzke*, 490 U.S. at 325).

Here, the 136-page complaint is captioned "attempted murder of Christopher Mackey" and names as defendants the Commonwealth of Massachusetts, the United States of America, the State of Texas (City of Houston), T-Mobile, Harvard University, Salem State University, ESA P

Portfolio Operating Lessee LLC, and the Department of Justice (Federal Bureau of Investigation). Compl., (Dkt # 1-1) at 1. The Complaint asserts this court's jurisdiction pursuant to the Americans with Disabilities Act and 42 U.S.C. §§ 1983, 1985. *Id.* at 6. For relief, plaintiff seeks monetary damages in the amount of "$10,000,000,000.00." *Id.* at 135. Mackey's Complaint consists primarily of a recounting of events surrounding his contact with the defendants including criminal charges brought against him in several jurisdictions as well as plaintiff's contention that his rights have been violated by various government agencies. In the "preface" section of the Complaint, Mackey states that "[t]his case involves several crimes committed against [Mackey] in the Commonwealth of Massachusetts that had extended to several jurisdictions including New Hampshire and Texas" and "involved 14 criminal charges being made up against [Mackey] by multi-parties. *Id.* at 7. Mackey states that the "premise of the case is a Conspiracy Against Rights (18 U.S.C. Section 241) which includes the denial of Due Process in the Courts and other governmental agencies with the main object of the conspiracy aimed at denying [Mackey] the right to Life." *Id.* at 8. In the "closing statement" section of the Complaint, plaintiff states that the Commonwealth "engaged in a criminal conspiracy spanning over half a decade involving employers, government officials, the public, co-workers, friends, family members etc." and that Mackey finds it "unfathomable to

3

believe that many unrelated parties could have independently 'mistaken' that many criminal offenses against an individual and committed that many Brady violations without having conspired." *Id.* at 129. Mackey filed a separate request for an injunction seeking, among other things, to have this court enjoin defendants from "hacking [Mackey's] electronic devices" and "cease communications with all individuals in [Mackey's] life and immediate surroundings." ECF 1-5 at 2. The court's records indicate that Mackey's previously filed claims against the Commonwealth and Salem State University were dismissed. *See Mackey v Salem State Univ., et al.*, No. 20-12092-DJC (D. Mass. June 2, 2021).

To the extent Mackey seeks to bring a civil lawsuit based upon the alleged violation of criminal laws, he is unable to do because a private citizen "'has no authority to initiate a federal criminal prosecution,' nor to seek other relief based on alleged violations of federal criminal statutes." *Diaz v. Perez*, No. 16-11860-RGS, 2016 WL 6871233, at *5 (D. Mass. Nov. 21, 2016) (citing *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989)). Moreover, the federal criminal statute referred to in the Complaint, 18 U.S.C.§ 241, does not confer a private right of action. *Cok*, 876 F.2d at 2 (stating that only the United States as prosecutor can bring a complaint under 18 U.S.C.§§ 241-242).

If plaintiff's intent is to challenge prior convictions, his claim is barred by the favorable termination rule of *Heck v Humphrey*, 512 U.S. 477 (1994).

4

"[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.*, 512 U.S. at 486-487.  In a civil rights case, this so-called "favorable termination" rule applies not only where the plaintiff expressly claims that his conviction or sentence is invalid, but wherever "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487.  Because a judgment in favor of Mackey would imply the invalidity of a conviction, where that conviction still stands, such claims are barred.

After a thorough review of the Complaint, and drawing on its judicial experience and common sense, the court finds Mackey's allegations conclusory and not plausible on their face.  Indeed, the Complaint names a host of defendants and consists of sprawling claims that are insufficient to withstand this court's evaluation pursuant to 28 U.S.C. § 1915(e)(2)(B).  *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Although the court generally grants a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, leave to amend is not required where it would be futile.  *See Glassman v. Computervision Corp.*, 90 F.3d 617, 623

5

(1st Cir. 1996) (explaining that futility means that "the complaint, as amended, would fail to state a claim upon which relief could be granted").

For the foregoing reasons, it is hereby ORDERED:

1. The renewed motion for leave to proceed in forma pauperis, Dkt # 11, is ALLOWED.

2. This action is dismissed without prejudice pursuant to DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

3. The Clerk shall enter a separate order of dismissal.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE